```
              UNITED STATES DISTRICT COURT
                      FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

TIMOTHY K. HESKELL,                 :
                                    :
       Plaintiff,                   :       No. 4:CV-04-2079
                                    :
       vs.                          :       Complaint Filed 09/20/04
                                    :
JOANNE B. BARNHART,                 :       (Judge Muir)
Commissioner of Social Security,    :
                                    :
       Defendant,                   :       (Magistrate Judge Mannion)

<u>**ORDER**</u>

August 22, 2005

    THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On October 2, 2002, Plaintiff Timothy K. Heskell, filed an application with the Social Security Administration for Social Security Disability Insurance benefits.  Heskell claimed in the application to have been disabled since February 10, 2000, because of problems with his back, neck, and arms; hypertension; depression; and a learning disability.  On February 18, 2004, a hearing was held on Heskell's application.  On February 26, 2004, the Administrative Law Judge issued a decision denying Heskell's application.  That decision became final when the Appeals Council denied Heskell's request for further review.

    Heskell now challenges the denial of his application for disability benefits in this court.  He claims that the Commissioner's decision is not supported by substantial evidence

because the Administrative Law Judge erred in failing to 1) give special weight to the opinions of Heskell's treating physicians Drs. Kirschman, Boyek, Jones, Kingsley, Danko, and the consultant examiner Dr. Webb; 2) address properly Heskell's testimony regarding his usual daily activities; 3) consider Heskell's long work history in connection with Heskell's credibility; 4) present a hypothetical question to the vocational expert which incorporated all of Heskell's impairments; 5) understand the bases upon which the opinion of Dr. Williams had been based; and 6) order additional testing to determine the limits of Heskell's intellectual capacity.

The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge Malachy E. Mannion for preliminary consideration. On June 14, 2005, the Magistrate Judge issued a 14-page report recommending that none of Heskell's arguments have merit, the Administrative Law Judge's decision is supported by substantial evidence, and that Heskell's appeal should therefore be denied.

Heskell timely filed objections to the Report and Recommendation on July 1, 2005. The Social Security Commissioner initially filed a letter on July 12, 2005, stating that she "waive[d] the opportunity to respond to the Plaintiff's objections to the Report and Recommendation." (Document 16) On July 13, 2005, we issued an order in which we required the Social Security

Commissioner to file either a brief opposing Heskell's objections or a certificate of concurrence therein.  On July 27, 2005, the Social Security Commissioner timely filed her brief in response to Heskell's objections.  The time allowed for Heskell to file a reply brief expired on August 15, 2005, and no such brief was filed.  The matter is ripe for disposition.

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. United States v. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.3.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. Id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Id.; *See also* Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In an appeal of the denial of Social Security benefits, our review of the Magistrate Judge's report and the issues therein is governed not only by the principles set forth in the preceding paragraph, but also by 42 U.S.C. §405(g).  In such cases our review

is less than plenary.  A decision of the Commissioner which is supported by substantial evidence must be affirmed. *See* Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 420 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971).

In his objections Heskell first argues that

> [t]he Magistrate Judge was in error when he failed to give special significance to the treating source opinion of Dr. Boyek and failed to consider the consultant examiner, Dr. Paul Webb's restrictions.

(Objections, p. 8)  Heskell's concession that he "did not indicate any medical source that specifically deemed [Heskell] to be disabled" is significant. (Objections, p. 10)  Obviously that observation includes the medical evidence presented by all of the treating and consulting physicians, including Drs. Boyek and Webb.

Under the circumstances of this case, Heskell's first objection amounts to nothing more than his disagreement with the Administrative Law Judge's assessment of the medical evidence.

Despite this objection, we agree with the Magistrate Judge's determination that the Administrative Law Judge's findings with respect to Drs. Boyek and Webb are supported by substantial evidence.

Heskell's second objection is that the Administrative Law Judge failed properly to consider Heskell's work history which spans twenty-seven years. Heskell argues that the Administrative Law Judge erroneously failed to consider that history when the Administrative Law Judge discounted Heskell's subjective complaints of pain. In essence, Heskell contends that his work history required the Administrative Law Judge to accept without reservation Heskell's testimony concerning the severity of his impairments and his pain.

Courts reviewing an Administrative Law Judge's decision "ordinarily defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess a witness's demeanor." Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003)(citing Atl. Limousine, Inc. v. NLRB, 243 F.3d 711, 718 (3d Cir.2001)). It has also been held that "[c]redibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." *Pysher v. Apfel,* No. 00-1309, 2001 WL 793305, at *3 (E.D.Pa. July 11, 2001)(citing *Van Horn v. Schweiker,* 717 F.2d 871, 973 (3d

Cir.1983))." Woods v. Barnhart, 2005 WL 1923554, *2 (E.D.Pa. Aug. 8, 2005)  Nonetheless, a claimant's prior work record is a factor to be considered by an Administrative Law Judge in assessing the credibility of a claimant's subjective complaints of symptoms and pain. See 20 C.F.R. § 404.1529(c)(3).

In this case the Administrative Law Judge stated the following with respect to Heskell's testimony:

> The undersigned Administrative Law Judge finds the testimony of the claimant somewhat credible concerning the severity of the symptoms and the extent of the limitations.  The alleged severity and extent, however, are not completely supported by the objective medical evidence.

(Administrative Law Judge's Decision, p. 4)  The issue here is whether Heskell's complaints concerning his inability to do any other work are fully credible.

Our review of the record confirms that the medical evidence supports the Administrative Law Judge's assessment of Heskell's credibility.  We further note that Heskell testified at the hearing as to the various daily activities which he is able to perform, such as preparing meals, performing light house repairs, shopping for groceries, washing clothes, and taking out the garbage. (Id., p. 6)

When juxtaposed with his own testimony as to the functions and activities he remains able to perform, the validity of Heskell's subjective complaints concerning his limitations is called into

question. Heskell's testimony regarding those activities (which are listed above and were discussed by the Administrative Law Judge in his decision) strongly supports the Administrative Law Judge's conclusions with respect to Heskell's credibility. Based on all of the evidence in the record, we are of the view that the Administrative Law Judge's assessment of Heskell's credibility is supported by substantial evidence.

Heskell's third and final objection actually contains two separate components. One portion of this objection is based on Heskell's assertion that the Administrative Law Judge failed to consider Heskell's combination of impairments in the hypothetical questions posed to the vocational expert. Heskell argues that the hypothetical questions posed to the vocational expert were defective because they did not reference Heskell's "diminished intellectual functioning," or the absenteeism that would be caused by his headaches and depression. (Objections, p. 14)

Our review of the transcript from Heskell's hearing indicates that the Administrative Law Judge incorporated into his hypothetical questions all of the evidence relating to Heskell's intelligence. (Transcript of Hearing, p. 16) That portion of Heskell's objection is without merit.

It appears as though the Administrative law Judge did not reference Heskell's headaches and depression in the hypothetical

questions because those impairments were not shown to have been sufficiently severe.  Consequently, the Administrative Law Judge's failure to reference them is not erroneous.  Substantial evidence supports the manner in which the Administrative Law Judge posed his hypothetical questions to the vocational expert.

The remaining component of Heskell's third objection is that the Administrative Law Judge erred by failing to develop further the record pertaining to Heskell's mental impairments.  The sole authorities Heskell cites in support of this argument are the cases of <u>Ventura v. Shalala</u>, 55 F.3d 900 (3d Cir. 1995), and <u>Plummer v. Apfel</u>, 186 F.3d 422 (3d Cir. 1999).

The facts of <u>Ventura</u> concern an Administrative Law Judge who hindered development of the record by "demonstrat[ing] early on in the hearing his impatience and hostility towards claimant's lay representative," and by being "coercive and intimidating" with the claimant.  Ventura, 55 F.3d at 902, 903.  The other case Heskell cites, <u>Plummer v. Apfel</u>, dealt with a situation in which "there was no testimony during the hearing concerning Plummer's mental impairments, nor did the ALJ order a psychological examination." Plummer, 186 F.3d at 432.

Heskell does not allege that the Administrative Law Judge's conduct at the hearing was in any way improper.  There was much evidence admitted concerning Heskell's mental impairments.

Consequently, we are of the view that the holdings of neither <u>Ventura</u> nor <u>Plummer</u> apply in this case.

The regulations provide that an evidentiary record should be further developed "when the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on [the] claim." 20 C.F.R. § 404.1519a(b). There is substantial evidence in the record supporting all of the Administrative Law Judge's conclusions, including those concerning Heskell's mental impairments.

We find no error in Magistrate Judge Mannion's Report and Recommendation, we will overrule Heskell's objections to it, and we will adopt it as our own.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Heskell's objections (Document 15) to Magistrate Judge Mannion's Report and Recommendation filed June 14, 2005, are overruled.

2. Magistrate Judge Mannion's Report and Recommendation filed June 14, 2005, (Document 14) is adopted *in toto*.

3. The Social Security Commissioner's denial of Heskell's application for disability insurance benefits is

      affirmed.

4.    The Clerk of Court shall close this case.


                                          <u>s/Malcolm Muir</u>
                                          MUIR, U. S. District Judge


MM:ga